United States District Court

District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Crim. No. 19-40025-TSH |
| V. | ) | |
| | ) | |
| Kevin Jean | ) | |
| | ) | |

FILED IN CLERKS OFFICE

# DEFENDANTS MOTION TO DISMISS COUNT ONE OF THE FEDERAL NARCOTICS INDICTMENT PURSUANT TO RULE 6(B)(2) IN LIGHT OF RAZO V. UNITED STATES 2012 U.S. DIST. LEXIS 178176

Now into court comes the defendant, Mr. Kevin Jean appearing before the district court under the capacity of a pro-se litigant moves the district court to dismiss count one of the federal narcotics indictment on the grounds that the district court erred in allowing Special Agent Anthony J. Ventetulo to provide inadmissible 702 expert testimony to the grand jury under 701 lay opinion clothing in light of **Razo**.

In **Razo**, the district court held that even though its positions puts the first circuit at odds with virtually every other circuit and the Advisory Committee on evidence, the panel was bound by the precedents of the first circuit in ruling that special agents testimony about the cell phone practices of drug traffickers was lay opinion testimony admissible under Rule 701, rather than expert testimony under Rule 702. Just as Judge Lipez and the Valdivia panel were bound by first circuit precedent, this court is obligated to apply first circuit teaching; stare decisis "rendering

1

the ruling of law in a case binding in future cases before the same court or other courts owing obedience to the decision."

THE MAJOR PROBLEM HERE:

**701 LAY OPINION TESTIMONY:**

Allows a witness to testify to their opinion that is limited to (a) rationally based on the witnesses perception; (b) helpful to clearly understand the witnesses testimony or **to determine a fact at issue**; and (c) not based on scientific, technical, or other **specialized knowledge within the scope of Rule 702.**

Special Agent Ventetulo fails to meet this criteria.

## Reasons for granting Motion

### Part "A"

**IN LIGHT OF RAZO, THIS MEANS ALL TESTIMONY GIVEN TO THE GRAND JURY ABOUT THE MEANING OF DRUG "JARGON" AND CONTENTS OF PHONE CALLS IN THE FIRST CIRCUIT WOULD HAVE TO BE GIVEN UNDER 701 LAY OPINION TESTIMONY. THE AFFIDAVIT PROVIDED TO THE DEFENDANTS IS A SUMMARY OF ALLEGED CRIMINAL ACTIVITY BASED ON <u>UNSUPPORTED SPECULATION</u> OF PHONE CALLS AND THEIR MEANING.**

The crux of Mr. Jean's argument is that Special Agent Ventetulo has barred himself from submitting any of the phone calls in the affidavit under 701 lay opinion testimony because after every single call in the affidavit provided, he draws his opinions and inferences based off his "field training and experience." None of which he lay a factual foundation for these opinions. **<u>All experience-based opinions, however, are not admissible under rule 701.</u>** Rule 701 was amended

in 2000, adding the requirement that lay opinion not be based on scientific, technical, or other specialized knowledge required under Fed R Evid 702, to avoid allowing parties to dress an expert witness in lay witness clothing. Marine Polymer Techs, Inc v. HemCon Inc, 2009 US. Dist. Lexis 2387.

In the 2000 amendments, it is shown (noting that "there is no good reason to allow what is essentially surprise expert testimony," and that "the court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process") See also Figueroa-Lopez v. United States 125 F.3d 1241, 1246 (9th cir. 1997) (Law enforcement agents testifying that the defendants conduct was consistent with that of a drug trafficker could not testify as lay witnesses; to permit such testimony under Rule 701 "subverts the requirements of Federal Rule of Criminal Procedure 16(a)(1)(E)"). The amendment does not distinguish between expert and lay witnesses, but rather between expert and lay testimony. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. See Figueroa-Lopez 125 F.3d 1241, 1246(9th Cir.) (Law enforcement agents could testify that a defendant was acting suspiciously, without being qualified as experts; however, **the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantity and prices)** Notes of Advisory Committee on 2000 amendments of 701 Lay opinion.

A witness may testify based on opinion, as opposed to testifying to facts of which he has direct knowledge, under two circumstances: as a lay person under Fed R Evid 701 or as an expert under Fed R Evid 702. Such lay opinion testimony is permitted under Rule 701 because it has the

effect of describing something that the jurors could not otherwise experience for themselves by drawing upon the witness sensory and experimental observations that were made as a first-hand witness to a particular event. To ensure that lay testimony serves the objective of putting a trier of fact in possession of an accurate reproduction of an event, Rule 701 provides: if (a) rationally based on the witnesses perception; (b) helpful to clearly understand the witnesses testimony or **to determine a fact at issue**; and (c) not based on scientific, technical, or other **specialized knowledge within the scope of Rule 702.** The burden is on the proponent to provide adequate foundation for the testimony. If a witness's testimony **fails to meet any one of the three foundational requirements, it is not admissible.**

As shown above, all experience-based opinions, are not admissible under Rule 701 lay opinion testimony. In order for lay opinion testimony to be admissible under Fed R Evid 701, the testimony must be helpful to clearly understand the witness testimony or to determine a fact at issue. Lay opinion testimony will not be helpful to the jury when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion. The nub of this helpfulness requirement is to exclude testimony where the witness is in no better suited than the jury to make the judgment at issue, providing assurance against admissions of opinions which would merely tell the jury what result to reach. Testimony, the sole function of which is to answer the same question that the trier of fact is to consider in its deliberations may be excluded as unhelpful. Lay opinions which make an assertion as to the ultimate issue in a case will rarely meet the requirement of Fed R Evid 701(b), since the jury's opinion is as good as the witness's. United States v. Diiaz-Arias 717 F.3d 1.

4

This shows again, Special agent Ventetulo fails to meet certain requirements to meet the Lay opinion criteria. For Example;

**How could Agent Ventetulo be better seated as a witness to an event than a jury to decipher a phone call when none of the defendants are made contact with nor are any narcotics obtained after any of these phone calls?**

**How could Agent Ventetulo give his opinion on "coded" words when nowhere in this case do these "coded" words result in obtaining narcotics?**

There is simply nothing but unsupported speculation. Agent Ventetulo repeatedly gives his reasoning process for his inferences and opinions solely off "Field training and experience". The Affidavit Case 4:19-mj-04285-DHH Document 4 gives Agent Ventetulos background to qualify himself as an expert, than manipulates the grand jury to see every call through his personal views and opinions of the case. An almost mirror case is United States v. Hampton 718 F.3d 978 – in Hampton, (a trial court violated Fed R Evid 701 when it permitted FBI's administrative case agent to testify about his understanding of recorded conversations played before the jury because the district court's failure to enforce the rule's boundaries on lay-opinion testimony denied the jury the information it needed to assess the agent's interceptions) Again, nowhere does agent Ventetulo show and of the recorded phone call interpretations result in a narcotics seizure.

**Part "B"**

**Even if First Circuit accepted Expert Testimony as to contents of phone calls intercept via wiretap, Agent Ventetulo would not of met 702 requirements either.**

5

Just as in Campbell, Here, Special Agent Briggs offered virtually no explanation of his methodology or of how he applied his method reliably to the facts of this case to determine the meaning of non-self-evident terms of phrases like "clear", "shake", "crumble", and "ears were ringing". J.A. 489, 492. The district court therefor erred in failing to exclude this testimony. See Wilson 484 F.3d at 278/Johnson 617 F.3d 286 (expressing doubt that an officer's testimony would have been admissible to explain drug lingo under rule 702 when the officer "repeatedly indicated that he had the expertise to testify regarding drug jargon and the drug trade generally, (but) provided virtually no methodology or guiding principles that would enable him to decode the wiretapped phone calls [at issue] United States v. Campbell 16859 The function of expert testimony is to explain how something happened, not to speculate as to how something could possibly have happened. Johnson v. Avco Corp 702. We do not allow witnesses to tell juries that their expert opinion something happened simply because it is possible. Trusty v. Sunbeam Prod, 2014 US Dist Lexis 20500.  Again as shown in the affidavit, Agent Ventetulo speculates that he "believes based on field training and experience" that these phone calls are coded drug words, or that a narcotics transaction has taken place. Expert testimony may not be based on subjective belief or unsupported speculation. United States v. Shultz 2016 US Dist Lexis 177179. Nowhere in this present case does Agent Ventetulo give examples or lay a factual foundation as to how the investigation to date, or how his field training and experience means this word means that. Another example of a mirror situation would be United States v. Valencia-Lopez 971 F.3d 891, United States v. Montriro 407, 2d 551. "The Cruz court concluded that the district court erred the DEA agent to offer expert opinions on the mean of ambiguous

6

phrases, **noting that the government had failed to proffer evidence that the phrase was used as drug code.**

### Part "C"

## THE COURT FOUND THE AGENTS TESTIMONY INADMISSIBLE UNER RULE 701 BECAUSE-HIS REASONING PROCESS WAS NOT THAT OF AN AVERAGE PERSON IN EVERYDAY LIFE, RATHER, IT WAS THAT OF A LAW ENFORCEMENT OFFICER WITH CONSIDERABLE SPECIALIZED TRAINING AND EXPERIENCE IN NARCOTRAFFICKING – GARCIA 413 F.3D 201, WHITE 492 F.3D 380

In Freeman, the court overturned a life sentence over this same argument. The district court improperly permitted Agent Lucas to give lay testimony under Fed R Evid 701, Agent Lucas testimony was based upon his personal knowledge of the investigation. **A case agent testifying as a lay witness may not explain to a jury what inferences to draw from recorded conversations involving ordinary language.** United States v. Freeman 730 F.3d 590.

In making an assessment of whether the evidence permits an inference beyond a reasonable doubt a judge must take special care to guard against the possibility that a defendant might be found guilty by either **speculation or mere association.** Circumstantial evidence that leads only to a strong suspicion that someone is involved in a criminal activity is no substitute for proof beyond a reasonable doubt. United States v. Garcia 919 F.2d 489.

As the notes of Advisory Committee on 2000 amendments of 701 show, where agents testify on the extensive experience that a defendant was using code words to refer to drug quantities and prices, is considered expert testimony. Again, Agent Ventetulo offers no independent corroborating evidence to determine any facts at issue. As shown in the affidavit, Case 4:19-mj-04285-DHH, every opinion and "belief" is supported only off Agent Ventetulo

7

accumulated "field training and experience". **Agent Ventetulo repeatedly infringed upon the jury his own personal opinions of the case without any corroborating facts other than association, making the grand jury believe he had the expertise in doing so.** He also repeats after a few select phone calls, that the "investigation to date", supports his opinions. However, he gives no evidence or examples to support this because there are no facts to give. Again, none of the defendants are made contact with, and none of the defendants are ever found or charged with possession of narcotics, 21 U.S.C. 841.

## Conclusion

As a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants. United States v. Champman 209 F.3d appx 253. Unreliability of evidence presented to a grand jury will not support the use of the Supervisory Power to dismiss an indictment in holding that a district court has no authority to dismiss an indictment on the basis of prosecutorial misconduct absent a finding that the defendants were prejudiced by such misconduct. United States v. Strouse 286 F.3d 767.

This is not a sufficiency of evidence test, this is prejudice to the defendants by inadmissible testimony to the grand jury that returned a verdict to indict. Agents "field training and experience", alone without a factual foundation, is not enough to meet the criteria of 701 Lay Opinion.

In Light of Razo, the defendants have fell victim to prejudice and subjected to a biased grand jury, by Agent Ventetulo inferences provided by inadmissible testimony, which in doing so, infringed upon the role of the jury, to decide what to infer from wiretapped phone calls, and instead told them what conclusions and inferences to draw, based off unsupported "field training and experience".

Based upon the above stated arguments, Mr. Jean prays that the district court will take judicial notice of all the facts raised within said motion and further deems whatsoever this honorable court feels that's just and appropriate…

Respectfully Submitted,

Kevin Jean

## Certificate Of Service

The charged defendant Mr. Jean places the above style and cause Motion in the mailbox at Detention Facility at Donald Wyatt to be mailed to the following individuals:

**Hon. Timothy S. Hillman USDJ**

**US District Attorney's Office**

**US District Clerk's Office**

**595 Main St. Worcester MA, 01608**

Respectfully Submitted,

Kevin Jean