UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 19-cr-40025-TSH |
| ) | |
| KEVIN JEAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
DISMISS COUNT ONE OF THE INDICTMENT**

The United States, through Assistant United States Attorneys Greg A. Friedholm and Michelle L. Dineen Jerrett, responds to Defendant Kevin Jean's motion to dismiss Count One of the Indictment, charging him with conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. § 846 (ECF #333).

In his motion, Jean argues that opinions expressed by Special Agent Anthony Ventetuolo – based on almost two decades of training and experience as a law enforcement officer and ATF Special Agent, as well as three months of monitoring the subject wiretap – impermissibly infringed on the role of the grand jury. Jean's assertions are specious and fail for several reasons:

First, Jean relies on cases involving the admissibility of evidence at trial to argue that Agent Ventetuolo's testimony was improper. As Jean is well aware, the rules of evidence do not apply to the presentation of evidence at grand jury. *See, e.g.,* Fed. R. Evidence 1101(d)(2) ("[t]hese rules – except for those on privilege – do not apply to the following…(2) grand jury proceedings); ; *see also McKethan v. United States*, 439 U.S. 936, 938 (1978); *United States v. Ortiz de Jesus*, 230 F.3d 1, 4 (1st Cir. 2000).

Second, Jean fails to provide a single example of testimony or opinion offered by Agent Ventetuolo that he alleges went beyond the appropriate presentation of evidence to the grand jury (or

1

petit jury for that matter);

Third, as Jean recognizes, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *United States v. Soto-Beniquez*, 356 F.3d 1, 24-25 (denying motion to dismiss indictment despite perjured testimony by witness), quoting *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254; *see also United States v. Flores–Rivera,* 56 F.3d 319, 328 (1st Cir.1995).  Here, Jean fails to identify how he has been prejudiced by the testimony that he attacks; and

Finally, it is well-established that "[a]ll but the most serious errors before the grand jury are rendered harmless by a conviction at trial."  *Soto-Beniquez*, 356 F.3d at 25, quoting *United States v. Reyes–Echevarria,* 345 F.3d 1, 4 (1st Cir.2003). "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment" is sufficient to invalidate a subsequent conviction.  *Id.*  Here, Jean provides no evidence of such a fundamental defect that would warrant further consideration of his motion.   Indeed, he cannot, as there was error in the presentation, serious or otherwise.

                          Respectfully submitted,

                          NATHANIEL R. MENDELL
                          ACTING UNITED STATES ATTORNEY

By:*/s/ Greg A. Friedholm*
     Greg A. Friedholm
     Michelle L. Dineen Jerrett
     Assistant United States Attorneys
     595 Main Street
     Worcester, Massachusetts 01608

Date:   November 15, 2021

<u>Certificate of Service</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and in hard copy to the defendants proceeding pro se.

/s/ *Greg A. Friedholm*
Greg A. Friedholm
Assistant U.S. Attorney

Date:   November 15, 2021