UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>KEVIN JEAN, )<br>)<br>Defendant. )<br>) | CRIMINAL ACTION<br>NO.  4:19-40025-TSH |

**ORDER AND MEMORANDUM ON DEFENDANT JEAN'S MOTION TO EXCLUDE EVIDENCE OF BURGOS'S ARRESTS (Docket No. 379)**

**January 20, 2022**

**HILLMAN, D.J.**

Defendant Kevin Jean moves to exclude evidence of two arrests of non-party Lujan Burgos, as well as certain photographs related to those arrests. (Docket No. 379). For the following reasons, the motion is ***denied in part***.

As to the April 2, 2019 arrest, the government alleges that shortly after Mr. Burgos met with defendant Junior Melendez on April 2, 2019, Mr. Burgos was arrested, and 20 grams of cocaine were found in Mr. Burgos's jacket pocket. Evidence of Mr. Burgos's arrest is relevant to the charged conspiracy because it tends to make it more likely that the conspiracy, of which Mr. Melendez is alleged to be a member, in fact existed. The Court disagrees with Mr. Jean's argument that introduction of this evidence will constitute a constructive amendment of the Indictment. The Indictment charges that the defendants conspired to distribute and possess with intent to distribute cocaine from at least March 2019 to around June 2019. The alleged transaction between Mr. Melendez and Mr. Burgos took place in April 2019. Mr. Jean asserts that the cocaine found on Mr. Burgos was unrelated to the charged conspiracy. Maybe so. But in the face of the

circumstantial evidence indicating that the cocaine came from Mr. Melendez, an alleged member of the conspiracy, it will be for the jury to decide whether, in fact, the cocaine found on Mr. Burgos was related to the charged conspiracy. Therefore, so far as Mr. Jean moves to exclude evidence of Mr. Burgos's April 2, 2019 arrest, the motion is denied.

As to the June 6, 2019 arrest, however, the Court does not have sufficient information before it at this time to make a preliminary decision. For example, the Court has not seen any photographs related to the arrest. Therefore, the Court will reserve ruling on the admissibility of such evidence until trial.

**SO ORDERED**

　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Timothy S. Hillman*
　　　　　　　　　　　　　　　　　　　　　　　　**TIMOTHY S. HILLMAN**
　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**